# Illinois Official Reports

## Appellate Court

---

**Suntrust Mortgage, Inc. v. Ulrich, 2021 IL App (2d) 200294**

---

| | |
|---|---|
| Appellate Court Caption | SUNTRUST MORTGAGE, INC., Plaintiff-Appellee, v. PETER M. ULRICH, a/k/a Peter Ulrich, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants (Peter M. Ulrich, Defendant-Appellant). |
| District & No. | Second District<br>No. 2-20-0294 |
| Filed | June 25, 2021 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 16-CH-649; the Hon. Suzanne Mangiamele, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Omar F. Uddin, of Anderson & Uddin, P.C., of Aurora, for appellant.<br><br>Brian R. Merfeld, of McCalla Raymer Leibert Pierce, LLC, of Chicago, for appellee. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Justices McLaren and Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1      In this foreclosure action, defendant Peter M. Ulrich appeals the trial court's orders (1) granting summary judgment in favor of plaintiff, Suntrust Mortgage, Inc., (2) approving a judicial sale, and (3) denying defendant's motion to reconsider. For the following reasons, we affirm.

¶ 2      I. BACKGROUND

¶ 3      On August 18, 2008, defendant signed a mortgage contract with plaintiff, in the amount of $245,160. The mortgage was secured by property located at 5041 Thistle Lane in Lake in the Hills (the property). On August 3, 2016, plaintiff filed a complaint to foreclose the mortgage, alleging that defendant was in default. Defendant answered and asserted two affirmative defenses, neither of which is at issue on appeal.

¶ 4      On April 4, 2019, plaintiff filed a motion for summary judgment and a motion for judgment for foreclosure and sale. In support of its motions, plaintiff attached an affidavit of amounts due and owing. In this affidavit, Shaundra Hunt, an officer for plaintiff, averred to the following. In the ordinary course of her employment, she reviewed and analyzed records for loans serviced by plaintiff. Plaintiff maintained records for each loan it serviced, and Hunt reviewed the records for the loan in this case. From her review of the records, she determined that the amount due on the loan was $327,736.13. Hunt explained that plaintiff used "MSP/LPS," a digital accounting program that was recognized as standard in the industry, to automatically record and track loan payments. Authorized personnel input and record account activity at or near the time of the event or occurrence. The program automatically dates the entries when they are made. The entries in this case were properly recorded, pursuant to this procedure. Hunt avowed that she could testify consistently with these facts. She attached to her affidavit the documents upon which she relied in conducting her review.

¶ 5      Defendant's response to plaintiff's motion for summary judgment consisted of 15 paragraphs of boilerplate language from various legal authorities, culminating with the contention that "[t]he current affidavits attached to this motion are not foundationally sound, and the affiant does not have the requisite personal knowledge." Defendant did not file a counteraffidavit.

¶ 6      On June 20, 2019, the trial court granted summary judgment in favor of plaintiff, finding that no issue of material fact existed. The court entered an order for judgment for foreclosure and sale and appointed the Judicial Sales Corporation as the selling officer.

¶ 7      Plaintiff published a notice of the sale, as required by law. An assistant office coordinator for the Judicial Sales Corporation also sent notice of the sale to defendant's attorney. At auction, the property was sold to plaintiff, the highest bidder. Plaintiff then requested an order approving the sale. Defendant contended that the notice of sale he received was defective, as it was sent by an agent of the Judicial Sales Corporation rather than an attorney for plaintiff, as required by Illinois Supreme Court Rule 113(f) (eff. Dec. 1, 2020). Specifically, defendant noted that Rule 113 mandates that, "[n]ot fewer than 10 business days before the sale, *the attorney for the plaintiff* shall send notice *** to all defendants appearing of record and shall send notice *** to all defendants not appearing of record." (Emphasis added.) Ill. S. Ct. R. 113(f)(1) (eff. Dec. 1, 2020).

¶ 8     On January 9, 2020, the trial court approved the sale, finding that the notice was proper and that the terms of the sale were not unconscionable. On January 13, 2020, defendant filed a motion to reconsider, which the court thereafter denied. Defendant filed a timely notice of appeal.

¶ 9                                     II. ANALYSIS

¶ 10    We will first address defendant's contention regarding the sufficiency of the affidavit of amounts due and owing. Then, we will address defendant's contention regarding the sufficiency of the notice of sale.

¶ 11                    A. Affidavit of Amounts Due and Owing

¶ 12    Defendant argues that the trial court erred in granting plaintiff's motion for summary judgment because the affidavit of amounts due and owing was deficient. Defendant insists that the affidavit failed to describe with sufficient particularity Hunt's qualifications to testify about the financial information and failed to explain how she came to be familiar with that information. Defendant urges that Hunt did not describe with particularity how she acquired any of the documents, other than generally explaining that she had access to them.

¶ 13    Defendant also argues that Hunt did not provide sufficient information about the computer system and did not establish that it was properly used. Moreover, defendant suggests that Hunt articulated no specific facts to show that the computer system was reliable or trustworthy. Thus, Hunt's statements were conclusory, and the affidavit was insufficient under Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013).

¶ 14    Finally, defendant requests that this court "reverse" the current standards for evaluating the sufficiency of affidavits of amounts due and owing in mortgage foreclosure proceedings, as the "current framework allows rote, general and conclusory statements to describe an affiant's training, responsibilities and competence in reviewing potentially complex payment information."

¶ 15    Plaintiff contends that, because defendant failed to raise before the trial court the argument regarding specific defects in the affidavit, it is forfeited. See *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 741 (2001) (explaining that issues not raised in the trial court are forfeited on appeal). In the alternative, plaintiff submits that, pursuant to the current standards under Illinois law for evaluating affidavits of amounts due and owing, Hunt's affidavit was sufficient. Further, plaintiff notes that defendant failed to file a counteraffidavit in opposition to plaintiff's motion for summary judgment.

¶ 16    Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018). We review *de novo* an order granting a motion for summary judgment. *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 9. When not contradicted by a counteraffidavit, facts contained in an affidavit provided in support of a motion for summary judgment are taken as true for the purpose of the motion. *Sconyers*, 2014 IL App (1st) 130023, ¶ 9.

¶ 17    Several of our supreme court's rules govern affidavits submitted in support of summary judgment in a foreclosure action. Illinois Supreme Court Rule 113(c)(2) (eff. Dec. 1, 2020) requires that affidavits for amounts due and owing contain the following information: (1) the

identity of the affiant and whether he or she is a custodian of the records or is a person familiar with the business and operations, (2) an identification of the records relied upon in reaching the affiant's conclusion, and (3) the identification of any computer program used to track mortgage payments, along with the source of the information, the method and time of preparation of the records, and an explanation as to why the records should be considered "business records" under the law. Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) provides that affidavits submitted in support of a motion for summary judgment shall (1) be made on the personal knowledge of the affiant, (2) set forth with particularity the facts upon which the claim is based, (3) have attached thereto certified copies of documents on which the affiant relies, (4) consist of admissible facts rather than conclusions, and (5) affirm the affiant's competence to testify to the contents of the affidavit. Illinois Supreme Court Rule 236(a) (eff. Aug. 1, 1992) permits the admission of writings or records as "business records" if they are made in the regular course of business at or near the time of the event or occurrence.

¶ 18    First, we address plaintiff's contention that defendant forfeited his argument about specific defects in the affidavit. *Hatch*, 325 Ill. App. 3d at 741. Specifically, plaintiff insists that, in response to its motion for summary judgment, defendant did nothing more than provide 15 paragraphs of boilerplate language, followed by a conclusory assertion that "[t]he current affidavits attached to this motion are not foundationally sound, and the affiant does not have the requisite personal knowledge." Even if defendant failed to raise the argument at the trial level, and therefore forfeited the argument, we choose to address the merits. *In re Marriage of Piegari*, 2016 IL App (2d) 160594, ¶ 10 (forfeiture of a claim on appeal is a limitation on the parties, not on the appellate court).

¶ 19    In her affidavit, Hunt identified herself as an officer for plaintiff. She averred that she had personal knowledge of the amounts due and owing by virtue of her access to and review of the records as a function of her employment. She identified the specific records that she relied upon and attached copies of them to her affidavit. She proclaimed that she had knowledge that the records kept with respect to mortgage loans were comprised of entries made at or near the time of the event, by persons trained and authorized to make such entries. She further certified that plaintiff, in the regular course of its business, uses "MSP/LPS," a program that is standard in the industry, to automatically record and track mortgage payments. She detailed the procedure by which entries are made and described the personnel authorized to make such entries. She declared that she could competently testify to the facts contained in her affidavit.

¶ 20    Although defendant voices generalized grievances about the existing law, Hunt's affidavit tracked the requirements of the supreme court rules. Defendant offers no convincing reason to depart from prior case law, and we have no authority to add requirements to the supreme court rules.

¶ 21    We conclude that the trial court had before it a properly executed affidavit attesting to the amounts due and owing in this case. There was no counteraffidavit or other evidence that tended to contravene the facts in Hunt's affidavit. Therefore, there was no genuine issue of material fact precluding summary judgment. Accordingly, we determine that the court correctly accepted the information contained in the affidavit as true and properly concluded that plaintiff was entitled to judgment as a matter of law.

¶ 23        Defendant also argues that the trial court erroneously approved the sale of the property and erroneously denied defendant's motion to reconsider that order. Specifically, defendant insists that because an assistant office coordinator for the Judicial Sales Corporation, and not an attorney for plaintiff, sent notice, the notice was defective under Illinois Supreme Court Rule 113(f) (eff. Dec. 1, 2020).

¶ 24        Plaintiff counters that Rule 113 was "enacted for the purpose and intent of providing notice of the sale to parties in default." Here, because defendant received notice and does not allege any resulting prejudice, we determine that he has not shown good cause to set the sale aside.

¶ 25        The trial court's approval of a judicial sale is reviewed under the abuse of discretion standard. *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 57. An appeal from an order denying a motion to reconsider the confirmation of a judicial sale is also subject to review under the abuse of discretion standard. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18. A circuit court "abuses its discretion when its ruling rests on an error of law or where no reasonable person would take the view adopted by the circuit court." *Bermudez*, 2014 IL App (1st) 122824, ¶ 57; *Johnson*, 2013 IL App (2d) 120719, ¶ 18. The court abuses its discretion in confirming a sale when there is a question of fact as to whether a party who was entitled to have notice of a sale did not receive notice. *Cragin Federal Bank for Savings v. American National Bank & Trust Co. of Chicago*, 262 Ill. App. 3d 115, 120 (1994). When interpreting a supreme court rule, we look to the principles of statutory interpretation for guidance. *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998). Under those principles, our primary objective is to ascertain and give effect to the intent of the rule's drafters. *Hollywood Boulevard Cinema, LLC v. FPC Funding II, LLC*, 2014 IL App (2d) 131165, ¶ 19. "Like statutes, rules must not be interpreted so as to defeat the intent of the drafter." *Kaull v. Kaull*, 2014 IL App (2d) 130175, ¶ 55. Where the letter and the spirit of a rule conflict, the spirit shall control. *Hyatt Corp. v. Sweet*, 230 Ill. App. 3d 423, 434 (1992). " 'To this end, the court may consider the reason and necessity for the statute and the evils it was intended to remedy, and will assume that the legislature did not intend an *** unjust result.' " *Bailey v. Illinois Liquor Control Comm'n*, 405 Ill. App. 3d 550, 554 (2010) (quoting *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 309 (2001)).

¶ 26        Section 15-1507(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) provides that "[t]he mortgagee, or such other party designated by the court, *** shall give public notice of the sale." 735 ILCS 5/15-1507(c) (West 2018). The party providing notice "shall also give notice to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to plead." 735 ILCS 5/15-1507(c)(3) (West 2018). According to section 15-1508(c) of the Foreclosure Law, a court may set aside a sale where a party who was entitled to notice of the sale failed to receive notice. 735 ILCS 5/15-1508(c) (West 2018). However, where there was merely a defect in the notice, the complaining party must demonstrate good cause for invalidating the sale. 735 ILCS 5/15-1508(d) (West 2018).

¶ 27        Rule 113(f) supplements sections 15-1507 and 15-1508 of the Foreclosure Law. Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013). The relevant portion of Rule 113(f) provides that, "[n]ot fewer than 10 business days before the sale, the attorney for the plaintiff shall send notice *** to all defendants appearing of record and shall send notice *** to all defendants not appearing of record." Ill. S. Ct. R. 113(f)(1) (eff. Dec. 1, 2020). The committee comments to the rule explain the rationale behind this additional notice requirement:

"Paragraph (f) addresses two issues relating to judicial sales that have become substantial problems throughout the state. Paragraph (f)(1) attempts to provide adequate notice to those mortgagors who are about to lose their home. Currently, the Illinois Mortgage Foreclosure Law does not specify that a separate notice of the sale be sent to defaulted defendants, and assumes that the publication requirements are adequate for those that have not otherwise participated in the foreclosure proceedings. *** However, in many residential cases, a lack of participation, for any reason, results in a lack of notice of the sale to the mortgagor living in the property being foreclosed. That lack of notice often results in the mortgagor learning about the sale on the eve of the sale and filing an emergency motion to stay the sale. In cases where the mortgagor finds out about the sale from a notice of confirmation of sale or through the sheriff's notice of eviction, the courts then must hear motions to vacate the sale and motions to stay possession. *** Many of these motions could be avoided and judicial efficiency increased if all parties, including defaulted parties, are given notice of the sale. Accordingly, paragraph (f)(1) implements a new notice requirement to supplement section 15-1507(c)(3) by mandating a separate notice to a defaulted mortgagor presale ***." Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013).

¶ 28     Thus, the purposes and intents behind Rule 113(f), as explained by the committee comments, are to ensure that defaulted parties receive notice of the foreclosure action and to increase judicial efficiency. Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013). Here, defendant concedes that he received notice. He complains only that an entity other than the attorney for plaintiff sent notice. It would not increase judicial efficiency to vacate this sale just so that defendant might receive another notice from plaintiff's attorney as opposed to plaintiff's agent. Defendant does not argue that he suffered any resulting prejudice by any technical defect in the notice that he received, and he has not demonstrated good cause for setting aside the sale. See *Cragin*, 262 Ill. App. 3d at 120-21 (explaining that a defendant can establish good cause for setting aside a sale by establishing either that he did not receive notice or that he received a defective notice that resulted in the property selling for substantially less than its actual value).

¶ 29     This court has rejected similar arguments in other contexts. In *Aurora Loan Services, LLC v. Pajor*, 2012 IL App (2d) 110899, ¶ 11, a mortgagor appealed from the trial court's denial of her motion to vacate the sale of foreclosed property. Specifically, the mortgagor contended that section 15-1502.5 of the Foreclosure Law (735 ILCS 5/15-1502.5 (West 2010)) required the mortgagee, not the mortgagee's assignee, to send notice of the grace period before commencing a foreclosure action. *Aurora*, 2012 IL App (2d) 110899, ¶ 11. The mortgagor requested dismissal of the action, based on this purported defect in the notice. *Aurora*, 2012 IL App (2d) 110899, ¶ 11. We rejected this argument, reasoning that, where the substantive notice requirements were met and the mortgagor received actual notice, a technical defect in the notice did not require dismissal of the foreclosure action. *Aurora*, 2012 IL App (2d) 110899, ¶ 25. We reasoned that the mortgagor did not allege any resulting prejudice and that making the mortgagee send an additional notice would be a futile act. *Aurora*, 2012 IL App (2d) 110899, ¶ 27.

¶ 30     Here, as in *Aurora*, defendant cannot show good cause because he received notice of the sale and does not allege any resulting prejudice. Accordingly, we hold that the trial court

properly approved the sale and denied defendant's motion to reconsider.

¶ 31                              III. CONCLUSION

¶ 32        For the reasons stated, we affirm.

¶ 33        Affirmed.