NOTICE

Decision filed 07/15/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230270-U

NO. 5-23-0270

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEFFERY M. DILLON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-L-168 |
| | ) | |
| CHRISTIE CLINIC, LLC, and STACY | ) | |
| TRULOCK, | ) | Honorable |
| | ) | Benjamin W. Dyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The case is dismissed due to a lack of a final order addressing attorney fees and costs.

¶ 2    Plaintiff, Jeffery Dillon, appeals the trial court's March 27, 2023, order granting summary judgment to defendants, Christie Clinic and Stacy Trulock. For the following reasons, we dismiss the appeal.

¶ 3                          I. BACKGROUND

¶ 4    On November 17, 2020, plaintiff, *pro se* at the time, filed a two-count complaint against Christie Clinic and Stacy Trulock. The first count alleged negligence against Stacy Trulock, a physical therapist. The second count was against her employer under a theory of *respondeat superior*.

1

¶ 5       The complaint alleged that on October 18, 2018, Trulock placed plaintiff on a traction table as part of his physical therapy although, prior to that date, the table had not functioned properly in that the patient interrupt button did not work. Therefore, plaintiff was provided with a bell to ring, and Trulock then left the room. Plaintiff alleged that during treatment, the table malfunctioned, he rang the bell, and yelled loudly for Trulock to return. He further alleged that when Trulock returned, she took plaintiff off the traction table in a manner that caused more pain to his spine and then altered the record to hide the incident. No attachments were included with the pleading.

¶ 6       On December 1, 2020, defendants entered their appearance and, on December 17, 2020, filed a motion to dismiss. The motion alleged, *inter alia*, that the complaint was defective for failing to include a section 2-622 affidavit (735 ILCS 5/2-622 (West 2020)). On January 28, 2021, plaintiff filed a letter from Dr. Matthew Wolpov to Jessica Lavelle, assistant director of American Medical Experts, LLC, stating that based on his review of the medical records, there was a "reasonable probability that the physical therapy care, skill or knowledge exercised by the defendants relative to the performance of mechanical traction on Mr. Dillon, by a mechanical device that is the subject of the within action, fell outside acceptable professional physical therapy standards."

¶ 7       On February 17, 2021, plaintiff obtained counsel, who moved for leave to enter her appearance on behalf of plaintiff. The motion was granted. The case proceeded to hearing on February 23, 2021. On February 24, 2021, the trial court issued an order that granted the motion to dismiss without prejudice and granted leave to plaintiff to refile within seven days.

¶ 8       On February 26, 2021, plaintiff's first amended complaint was filed. The first count alleged negligence against Christie Clinic. The second count alleged negligence against Trulock. Attached

to the complaint were two unsigned summary reports prepared by plaintiff's counsel's law firm related to the alleged negligence by Christie Clinic and Trulock.

¶ 9 On April 19, 2021, plaintiff moved for leave to file a second amended complaint. On April 22, 2021, the trial court issued an order granting the motion and ordered the complaint to be filed by April 27, 2021. The second amended complaint was filed on April 28, 2021. No attachments were included with the pleading. On May 25, 2021, defendants answered the complaint.

¶ 10 Thereafter, the court issued a case management order setting deadlines for discovery, disclosures, depositions, and motions. Relevant here were the December 21, 2021, and March 1, 2022, deadlines for plaintiff's disclosure of his witnesses. Following a hearing on December 16, 2021, the court issued an order extending plaintiff's deadline to disclose controlled expert witnesses pursuant to Illinois Supreme Court Rule 213(f)(3) (eff. Jan. 1, 2018) to May 1, 2022. Plaintiff was also required to present all controlled experts for depositions by June 10, 2022. All other dates in the case management order remained in effect.

¶ 11 On April 27, 2022, the parties filed a stipulation to modify the case management order. An amended case management order was issued on April 28, 2022. The revised dates required plaintiff to disclose all witnesses pursuant to Rule 213(f)(3) on or before August 1, 2022, and present all witnesses disclosed pursuant to Rule 213(f)(3) on or before September 1, 2022. On May 9, 2022, plaintiff's counsel moved to withdraw due to irreconcilable differences between counsel and plaintiff. The hearing on the motion was held on June 1, 2022. Plaintiff objected to his counsel's withdrawal, but the court granted the motion and advised plaintiff he had until July 6, 2022, to obtain counsel. At the next status hearing on July 6, 2022, plaintiff stated that he had counsel. On July 18, 2022, a second status hearing was held, and plaintiff's new counsel appeared and later filed his appearance in the case.

3

¶ 12    On August 11, 2022, defendants filed a motion for summary judgment claiming that plaintiff failed to submit any competent expert witness for the case "to establish the standard of care or deviation from the standard of care by Defendants and the Court's deadline for doing so was August 1, 2022." Defendants' motion was supported by Trulock's affidavit stating the standard of care had not been breached. On August 15, 2022, the trial court issued a briefing order. Plaintiff's response was due by September 12, 2022; defendants' reply was due by September 26, 2022, and the motion would be heard on October 10, 2022. An amended order was issued the same day with the same dates except for the hearing which was moved to October 11, 2022.

¶ 13    On September 1, 2022, plaintiff filed his expert witness disclosure, listing Michelle Wolpov and Victoria Johnson as his witnesses. The Wolpov documents were the same as previously addressed above. The Johnson document stated she was plaintiff's treating physician and provided work restrictions for the injury allegedly caused by the traction machine and physical therapy.

¶ 14    On September 8, 2022, plaintiff's counsel responded to defendants' motion for summary judgment, claiming he was new on the case and did not have the file when he entered his appearance. He further argued that neither plaintiff nor counsel heard the court discuss any hard and fast deadlines at the status hearing. No response as to the merits of the summary judgment motion was provided.

¶ 15    Defendants filed a reply on September 26, 2022. The reply addressed the merits of the motion for summary judgment and disputed plaintiff's claim about exchanging discovery. Defendants also filed a motion for extension of time to disclose its experts on September 26, 2022, due to plaintiff's failure to abide by the case management order.

¶ 16    On November 28, 2022, the trial court issued an amended case management order requiring, *inter alia*, plaintiff to disclose its lay, independent expert, and controlled expert witnesses no later than December 30, 2022. All other deadlines were extended and the final pretrial was set for September 15, 2023. The trial was set for November 6, 2023. The trial court also issued a second order on November 28, 2022, setting the briefing schedule for the motion for summary judgment. Plaintiff's response was due by December 30, 2022, and defendants' reply was due by January 13, 2023. The motion was set for hearing on February 7, 2023.

¶ 17    On December 30, 2022, plaintiff filed his response. Relying on the report of Dr. Wolpov and the note from Dr. Johnson, he requested denial of the motion. Attached to the response was Trulock's deposition which admitted the traction machine was defective on the date plaintiff was placed on it, Johnson's CV and treatment notes indicating plaintiff was permanently injured, Dr. Wolpov's CV and the January 28, 2021, letter from Dr. Wolpov to Jessica Lavelle which plaintiff claimed was an affidavit.

¶ 18    On January 13, 2023, defendants filed their reply stating that the response contained no competent medical expert opinion to counter the motion for summary judgment. More specifically, none of the attachments were affidavits as required by Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013). The reply further noted that a plaintiff may not rely on his discovery filing or section 2-622 report for the purpose of summary judgment, citing *Essig v. Advocate BroMenn Medical Center*, 2015 IL App (4th) 140546, ¶ 51; *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 117 (2004); and *Forsberg v. Edward Hospital & Health Services*, 389 Ill. App. 3d 434, 440 (2009).

¶ 19    On February 2, 2023, plaintiff filed a motion for leave to file an amended response to defendants' motion for summary judgment. Although no order was issued on the motion for leave,

5

the following day, plaintiff filed an amended response. The motion cited Dr. Wolpov's affidavit as Exhibit C, but no exhibits were attached to the amended response.

¶ 20　A hearing was held on February 7, 2023. At that time, the trial court continued defendants' motion for summary judgment and instructed defendants to file any material in response to the motion for leave by February 28, 2023.

¶ 21　On February 28, 2023, defendants objected to plaintiff's motion for leave to file an amended response because no legitimate basis for allowing the motion was provided. They further stated, it was "well-within the Court's discretion to deny Plaintiff's Motion for Leave, and it is well within the Court's discretion to award Defendants' their reasonable fees/costs associated with Plaintiff's improper and untimely motion practice." Thereafter, defendants' counsel listed the activities for the fees and costs for the court's consideration. Defendants also filed a third reply to plaintiff's amended response that again argued that the filing failed to comply with Rule 191 and that plaintiff could not rely on its section 2-622 report. The reply further argued that the response failed to establish proximate cause.

¶ 22　On March 27, 2023, the trial court issued an order denying plaintiff's motion for leave to file a third response and granting defendants' motion for summary judgment. The order also stated, "Defendants are awarded their reasonable attorney fees associated with preparing their Objection to Plaintiff's Motion for Leave to File an Amended Response. If Defendants seek to recover these fees, Defendants must submit an affidavit regarding their fees on or before April 11, 2023." On April 11, 2023, defendants submitted an affidavit for fees in the amount of $304.

¶ 23　On April 19, 2023, plaintiff (*pro se*) filed his notice of appeal. The notice requested review of the trial court's March 20, 2023, order. The relief requested this court grant summary judgment

6

in favor of plaintiff and order the trial court to accept plaintiff's amended response to defendants' motion for summary judgment.

¶ 24    On April 26, 2023, defendants filed a petition for order specifying fees and costs. The petition again requested $304 in fees and added $181 in court costs. The record contains no order on the pending attorney fee petition.

¶ 25                                    II. ANALYSIS

¶ 26    On appeal, plaintiff raises two issues. The first issue contends the trial court erred in granting summary judgment to defendants. The second contends that the trial court erred in awarding attorney fees and costs to defendants. However, before we can address the merits of plaintiff's appeal, this court must first consider whether jurisdiction is proper.

¶ 27    A reviewing court has a duty to consider *sua sponte* its jurisdiction over the appeal, regardless of whether the issue of jurisdiction is raised by the parties. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). "Jurisdiction of appellate courts is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Id.* Final judgments that dispose of the entire proceeding are appealed under Illinois Supreme Court Rule 303 (eff. July 1, 2017). Final judgments that do not dispose of an entire proceeding are appealed under Illinois Supreme Court Rule 304(a) and require special language, which if accurately provided, will bestow jurisdiction to this court. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Whether a court has jurisdiction presents an

7

issue of law and is reviewed *de novo*. *In re Marriage of Crecos*, 2021 IL 126192, ¶ 11 (citing *In re A.H.*, 207 Ill. 2d 590, 593 (2003)).

¶ 28 Here, plaintiff's appeal was brought pursuant to Rule 303(a). However, Rule 303(a) states, "A judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)." Ill. S. Ct. R. 303(a) (eff. July 1, 2017). Rule 137 states that,

> "The signature of an attorney *** constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018).

¶ 29 The rule further states that "[a]ll proceedings under this rule shall be brought within the civil action in which the pleading, motion or other document referred to has been filed, and *** shall be considered a claim within the same civil action." Ill. S. Ct. R. 137(b) (eff. Jan. 1, 2018). Further, "[w]here a sanction is imposed under this rule, the judge shall set forth with specificity

the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018).

¶ 30    The parties agree that defendants requested an award of attorney fees and costs related to the repeated improper pleadings filed by plaintiff, pursuant to Rule 137. The trial court acknowledged defendants' request in its March 27, 2023, order in which it awarded defendants their reasonable attorney fees associated with preparing their objection to plaintiff's motion for leave to file an amended response. However, the order further required defendants' counsel to submit an affidavit related to those fees by April 11, 2023, if it sought recovery of those fees. Defendants submitted the affidavit and later filed a petition for attorney fees and costs. No hearing was ever held regarding the requested amount and no written order was ever issued setting forth the amount awarded to defendants.

¶ 31    Our supreme court clearly stated that the reasoning of *Marsh* (*Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465-68 (1990)) and *Niccum* (*Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7-9 (1998)) is "straightforward." *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 341 (2001). After addressing the holdings in both cases, the court stated,

> "We have set it out above, but we shall reiterate: (1) absent a Rule 304(a) finding,
> a notice of appeal may not be filed before the trial court has disposed of all claims;
> (2) requests for sanctions under Rule 137 are claims within the underlying action;
> therefore (3) absent a Rule 304(a) finding, a notice of appeal may not be filed until
> the trial court has disposed of all requests for sanctions under Rule 137." *Id.*

¶ 32    No appeal may be taken from an otherwise final judgment entered on a claim when a request for attorney fees remains unresolved absent a finding pursuant to Rule 304(a). See Ill. S.

9

Ct. R. 303(a)(1) (eff. July 1, 2017); *Marsh*, 138 Ill. 2d at 465-68; *John G. Phillips*, 197 Ill. 2d at 341. Therefore, absent the trial court's inclusion of a Rule 304(a) finding, this court does not have jurisdiction to address the trial court's March 27, 2023, order, until the trial court has disposed of all requests for sanctions under Rule 137. Here, no Rule 304(a) finding was made. Further, while Rule 303(a)(2) allows for a premature notice of appeal, the premature notice of appeal only becomes effective once an order disposing of all claims is filed. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Here, the record contains no order on the pending petition for attorney fees. Accordingly, we hold this court does not have jurisdiction to address the claims raised on appeal.

¶ 33                                    III. CONCLUSION

¶ 34     For the reasons stated herein, we dismiss the appeal.


¶ 35     Appeal dismissed.