NOTICE
Decision filed 08/06/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241211-U

NO. 5-24-1211

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEFFERY DILLON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-L-168 |
| | ) | |
| CHRISTIE CLINIC, LLC, and STACEY TRULOCK, | ) | |
| DPT, | ) | Honorable |
| | ) | Benjamin W. Dyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err by granting defendants' motion for summary judgment where plaintiff's affidavits did not strictly comply with Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013), thereby effectively rendering defendants' summary judgment motion unopposed.

¶ 2   Plaintiff, Jeffery Dillon, filed a medical malpractice complaint against defendants, Christie Clinic, LLC, and Stacey Trulock, DPT. Defendants filed a motion for summary judgment, which the circuit court of Champaign County granted. Plaintiff appeals, arguing that the court erred by proceeding to hearing on the summary judgment motion prior to the completion of discovery. Plaintiff also contends that the court erred by granting defendants' motion for summary judgment because the affidavits and depositions on file created a question of fact. For the reasons that follow, we affirm.

1

¶ 3                              I. BACKGROUND

¶ 4      On November 17, 2020, plaintiff filed a medical malpractice complaint against Stacey Trulock, DPT, and Christie Clinic, LLC (defendants). He claimed that on October 18, 2018, Trulock, a physical therapist, placed him on a lumbar mechanical traction table as part of his physical therapy treatment. Plaintiff alleged that prior to that date, the traction table and the patient control button malfunctioned, and that Trulock and other physical therapists at Christie Clinic, LLC, were aware of these malfunctions, with some of them refusing to place him on the traction table. He stated that he objected to its use on the day in question. He also claimed that Trulock assured him that the table was functioning correctly. Trulock strapped plaintiff to the table to prevent movement, provided him with a small bell since the patient control button was not working, and then left the room. Plaintiff claimed that the table malfunctioned, prompting him to ring the bell and yell for help. He asserted that after some time, when Trulock returned, she observed that the table was malfunctioning and immediately released him from the straps. Plaintiff further alleged that after the incident, Trulock "altered the medical records in an attempt to hide the incident from Jeffery and her employer." He maintained that Trulock had a duty to treat him according to accepted medical and physical therapy standards and that she breached this duty, resulting in serious and permanent injuries. He stated that he required medical treatment, including spinal injections. He requested damages exceeding $50,000. Plaintiff made the same allegations against Christie Clinic, as Trulock's employer, asserting that it was responsible for her actions under the doctrine of *respondeat superior*.

¶ 5      Counsel entered their appearance for defendants on December 1, 2020, and subsequently filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)) on December 17, 2020. The motion contended that plaintiff's complaint was

2

barred by the statute of limitations pursuant to section 13-212(a) of the Code (*id.* § 13-212(a)). Defendants observed that the complaint was filed on November 17, 2020; however, a tolling extension agreement between the parties permitted the tolling of the statute of limitations, provided that a complaint was filed on or before November 13, 2020. Additionally, they argued that the complaint did not comply with section 2-622 of the Code (*id.* § 2-622), as it lacked the required affidavit affirming that plaintiff consulted with a qualified health professional who, through a written report, determined that there was a reasonable and meritorious cause for the malpractice claim.

¶ 6      The circuit court issued a written briefing schedule on December 29, 2020, stating that plaintiff was to respond to the motion to dismiss by January 26, 2021, and defendants were to reply by February 9, 2021. The hearing on the motion to dismiss was scheduled for February 23, 2021.

¶ 7      On January 28, 2021, plaintiff filed a letter[1] from Michelle Wolpov, PT, DPT, along with her curriculum vitae. The affidavit, dated January 20, 2021, was addressed to American Medical Experts, LLC, which plaintiff hired to obtain an "affidavit by a physical therapy professional in this matter." The affidavit summarized the documents Wolpov reviewed and indicated that, based on her understanding of the facts, there was "a reasonable probability" that the physical therapy care provided by defendants "fell outside acceptable professional therapy standards." It concluded that if called to testify about these matters, she was competent and qualified to do so.

¶ 8      On February 9, 2021, defendants filed a reply, withdrawing their contention that the complaint was time-barred. They reiterated that the complaint should be dismissed because plaintiff failed to attach his affidavit as required by section 2-622. They acknowledged that plaintiff

---

[1]While the document was in the form of a letter, the circuit court and defendants referred to the document as an affidavit. Therefore, for clarity purposes, the document authored by Wolpov will be referred to herein as an affidavit.

submitted a written report but argued that he did not comply with the affidavit requirements outlined in section 2-622.

¶ 9    On February 17, 2021, counsel entered his appearance for plaintiff. A docket entry dated February 23, 2021, indicated that the parties appeared before the circuit court, and the matter was called for hearing regarding the motion to dismiss. Although the docket entry did not specify the outcome, a written order dated February 24, 2021, dismissed plaintiff's complaint without prejudice. The order further granted plaintiff leave to file an amended complaint and a section 2-622 report by March 2, 2021. Defendants were ordered to file a responsive pleading by April 2, 2021.

¶ 10    On February 26, 2021, plaintiff filed an amended complaint, which was very similar to the original complaint. A section 2-622 affidavit was also filed by plaintiff's counsel, which indicated that she consulted with a health care professional who determined in a written report that there was a reasonable and meritorious cause for the complaint. A "Report of Reviewing Health Professional" was also filed as to each defendant that indicated that "the undersigned is a Board Certified physician" and reviewed plaintiff's records. The report summarized the review and concluded that "the undersigned" was of the opinion that defendants deviated from the acceptable standards of care for a physical therapist and the use of mechanical traction. "The undersigned" opined that the deviations resulted in plaintiff's injuries and that there was a reasonable and meritorious cause of action against the defendants.

¶ 11    On March 31, 2021, defendants filed an unopposed motion seeking an extension of time to file a responsive pleading. They stated that they discussed the "perceived deficiencies" in the first amended complaint with plaintiff and had agreed to permit plaintiff to submit a second amended complaint by April 2, 2021. Since that date was the original deadline for defendants to respond to

4

the first amended complaint, they requested an extension until May 24, 2021, to file their responsive pleading. The motion was subsequently granted.

¶ 12    On April 19, 2021, plaintiff filed a motion for leave to file a second amended complaint. The circuit court granted the motion on April 22, 2021, and plaintiff was given until April 27, 2021, to file a second amended complaint. Defendants were allowed until May 25, 2021, to file a responsive pleading.

¶ 13    On April 28, 2021, plaintiff filed a second amended complaint. The complaint corrected the spelling of Trulock and removed two allegations. On May 25, 2021, defendants filed an answer to the second amended complaint.

¶ 14    A case management order was issued on September 13, 2021. Plaintiff was required to disclose lay witnesses and independent expert witnesses no later than December 1, 2021, controlled expert witnesses by March 1, 2022, and rebuttal expert witnesses by September 16, 2022. Defendants were ordered to disclose lay witnesses and independent expert witnesses by December 1, 2021, and controlled expert witnesses by July 1, 2022. Discovery had to be completed by October 3, 2022. Additional deadlines were set, and the case was scheduled for trial on the January 2023 calendar.

¶ 15    On December 1, 2021, defendants submitted a motion for an extension of time to disclose witnesses, citing plaintiff's delay in responding to discovery requests, which ultimately prevented plaintiff's deposition from taking place. On January 7, 2022, a written order was issued, granting defendants until March 1, 2022, to disclose witnesses. Additionally, the order extended the deadlines for the disclosure of plaintiff's controlled expert witnesses to May 1, 2022.

¶ 16    On April 28, 2022, an amended case management order was entered, which stated in part that plaintiff was to disclose all witnesses by August 1, 2022, and defendants by October 1, 2022. On May 9, 2022, plaintiff's counsel filed a motion for leave to withdraw as counsel.

¶ 17    On July 18, 2022, new counsel entered its appearance for plaintiff, and the parties appeared before the circuit court. A docket entry stated that discovery was stayed until August 1, 2022.

¶ 18    On August 11, 2022, defendants filed a motion for summary judgment. The motion outlined the procedural history of the case and indicated that plaintiff was required to disclose expert witnesses by August 1, 2022, yet failed to do so. It included an affidavit from Trulock, asserting that she acted as "a reasonably careful physical therapist" and adhered to the standard of care. Defendants contended that, since Trulock's opinions regarding the standard of care and her compliance therewith were uncontested by any disclosed witness, "there is no genuine issue as to any material fact concerning" Trulock's treatment. They further argued that plaintiff had not demonstrated that Christie Clinic had deviated from any standard of care.

¶ 19    A briefing schedule was entered on August 15, 2022, which ordered plaintiff to file an opposition to the summary judgment motion by September 12, 2022, and defendants to file a reply no later than September 26, 2022. The matter was scheduled for hearing on October 11, 2022.

¶ 20    On September 1, 2022, plaintiff submitted his disclosure of expert witnesses, identifying Wolpov and Dr. Victoria Johnson as his experts and attaching their written opinions as exhibits. Wolpov's opinion consisted of the same affidavit filed on January 28, 2021. Johnson's opinion consisted of a photograph of a letter dated October 13, 2021, which contained five sentences. The letter stated that she treated plaintiff since May 2020 for back pain following an injury sustained at Christie Clinic on October 18, 2018, that he was under permanent restrictions, and that he had

been unable to return to work. It concluded, "I believe that his inability to return to these jobs is a direct result of the back injury in PT as above."

¶ 21    On September 8, 2022, plaintiff filed a response to the motion for summary judgment. He asserted that his new counsel, who entered an appearance on July 18, 2022, had not received copies of the case files and was unaware of the disclosure deadlines. Plaintiff discussed the court appearance of July 18, 2022, and indicated that his counsel understood he had until August 1, 2022, to familiarize himself with the case. He stated that he did not recall being informed of a "hard discovery deadline." The response stated that upon receiving the motion for summary judgment, plaintiff "provided to his new counsel information previously disclosed to Defendants regarding his expert witnesses. Counsel prepared and delivered the required Rule 213(f) disclosures to Defendants." Plaintiff argued that the delay in complying with the court's case management order was neither intentional nor intended to delay proceedings. He requested additional time under Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) to disclose his expert witnesses.

¶ 22    On September 26, 2022, defendants submitted a reply, contending that their motion for summary judgment was supported by an affidavit from Trulock, affirming her compliance with the standard of care. They further argued that plaintiff's response lacked competent expert opinions to establish a deviation from the standard of care by defendants. Defendants asserted that Trulock's affidavit was uncontested and emphasized that plaintiff's response failed to address the substantive merits of their motion. Additionally, they argued that plaintiff's disclosure of expert witnesses was inappropriate, untimely, and did not comply with Illinois Supreme Court rules. Defendants maintained that Illinois law clearly states that plaintiff cannot rely on his discovery filings or the

7

section 2-622 report for summary judgment, as such filings are not pleadings, depositions, admissions, or affidavits.

¶ 23    On October 11, 2022, the matter was called for hearing on the summary judgment motion. Upon inquiry by the circuit court, counsel for plaintiff acknowledged that he was aware of the case management order that had been entered. Counsel indicated that he thought, at the July 18, 2022, court date, that discovery was going to be "stayed until August first." The court informed counsel that he should have filed a motion to amend the case management order and indicated that it would not proceed with the summary judgment motion. The court amended the case management order and continued the hearing on the summary judgment motion.

¶ 24    A case management order was entered on November 28, 2022. It ordered, in part, that plaintiff was to disclose all witnesses by December 30, 2022. A briefing order was also entered, ordering plaintiff to file any materials in opposition to the summary judgment motion no later than December 30, 2022. It provided defendants until January 13, 2023, to file a reply. A hearing date was scheduled for February 7, 2023.

¶ 25    On December 30, 2022, plaintiff submitted a response to the motion for summary judgment. He asserted that he previously disclosed his expert witnesses, Wolpov and Johnson. Additionally, he claimed that Trulock made certain admissions during her deposition, such as utilizing the traction table despite knowing it was defective and being aware that the stop button was nonfunctional. He referred to Johnson's opinion (contained in an attached exhibit) that there had been no improvement in plaintiff's condition over the year between her two assessment letters, and that his permanent injury resulted directly from the actions of defendants. He contended that he established a factual basis that would entitle him to a judgment. Attached to the reply were certain pages of a transcript of Trulock's deposition, Johnson's curriculum vitae, a photocopy of

8

Johnson's letter previously filed in the case (September 1, 2022), another letter from Johnson dated December 14, 2022, and the same Wolpov affidavit dated January 20, 2021.

¶ 26    On January 13, 2023, defendants filed a second reply asserting that plaintiff's December 30, 2022, response lacked any "competent expert opinions to establish the standard of care or a deviation from the standard by Defendants." They referenced Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) concerning affidavit requirements. Furthermore, they argued that the section 2-622 report authored by Wolpov and Johnson's correspondences did not qualify as affidavits under Rule 191 and should therefore be stricken. Additionally, they observed that Wolpov's affidavit indicated she believed there was a "reasonable probability" that the care fell outside of acceptable professional physical therapy standards, noting that expert medical opinions in medical malpractice cases must be expressed to a "reasonable degree of medical certainty."

¶ 27    On February 2, 2023, plaintiff filed a motion for leave to file an amended response to the summary judgment motion pursuant to section 2-1005(g) of the Code (735 ILCS 5/2-1005(g) (West 2022)). He asserted that he wanted to file a corrected response in a "form" that was acceptable to the circuit court and maintained that section 2-1005 provided him with the recourse.

¶ 28    At a circuit court appearance on February 7, 2023, defendants' counsel noted that while he obtained plaintiff's recent filing, he did not receive the additional document that was 200 pages long. Defendants requested that the court deny plaintiff's leave to file an amended response, because that was the third response they had received. The court discussed the recent filing with plaintiff, noting that it was filed after the briefing order schedule and that it created for defendants the need "to hit a moving target." The court continued the matter for hearing on the summary judgment motion.

¶ 29    On February 28, 2023, defendants filed an objection to plaintiff's motion for leave. They observed that, days before the February 7, 2023, hearing on the motion for summary judgment, plaintiff submitted the motion for leave along with the amended response he wished to file, which included hundreds of pages of attachments, and that these were not served upon them prior to the February 7, 2023, hearing. They argued that plaintiff's reliance on section 2-1005(g) was misplaced, as this statute applied to pleadings such as complaints and answers, and not to attachments related to summary judgments. They also argued that plaintiff was not seeking to amend his complaint under section 2-1005, but rather to introduce additional materials in opposition to their motion for summary judgment. They also filed a third reply concerning their summary judgment motion.

¶ 30    On March 20, 2023, the circuit court noted that the two matters pending were defendants' objection to plaintiff's motion for leave to file an amended response and defendants' motion for summary judgment. After hearing arguments of counsel, the court stated that the requirements for allowing amended pleadings under section 2-1005(g) did not extend to "iterative responses to a motion for summary judgment." The court noted that plaintiff's amended response was not properly filed, as it was submitted 48 hours before the hearing and defendants had not received it beforehand. Consequently, the court sustained defendants' objection concerning the filing of the amended response.

¶ 31    As to the summary judgment motion, the circuit court held that plaintiff had a duty to show a violation of the standard of care by defendants and was required to comply with Rule 191; however, plaintiff failed to do so.

> "In other words, we need to know all of the reasons why that person believes that they are entitled to give an expert opinion on some issue germane to the case, and the even

10

if, even if the court were to permit the amended response and we would evaluate the Wolpov affidavit and the documents on which it purports to rely, Mr. Benfield is still correct that we don't have proximate causation."

¶ 32    The circuit court stated there were injuries claimed to have occurred from a negligent event, but that there was no expert opinion regarding the requisite standard. It also said that there was a difference between someone who can opine as to a reasonable degree of physical therapy certainty and someone who can opine as to a reasonable degree of medical certainty. It noted that Wolpov cannot make an opinion as to a reasonable degree of medical certainty, and that this case needed a reasonable degree of medical certainty to show causation. The court further stated that the "materials" were not in strict compliance with Rule 191. The court therefore granted the motion for summary judgment and also granted defendants' request for fees associated with their response to plaintiff's leave to file a response to the summary judgment motion.

¶ 33    On March 27, 2023, an order was entered which set forth the circuit court's March 20 ruling, denying plaintiff's February 3, 2023, leave to file an amended response and granting defendants' motion for summary judgment. Defendants were awarded attorney fees related to their preparation of the objection to plaintiff's motion for leave to amend and were instructed to submit an affidavit of such fees.

¶ 34    On April 11, 2023, defendants' attorney filed an affidavit regarding attorney fees, requesting $304 for drafting the objection to plaintiff's motion for leave to file an amended response. Subsequently, on April 19, 2023, plaintiff filed a notice of appeal.

¶ 35    On April 26, 2023, defendants filed a petition for an order specifying fees and costs. They requested that they be awarded $304 in attorney fees and $181 in costs. They noted that plaintiff

11

filed a notice of appeal but argued that the court retained jurisdiction to address matters collateral or incidental to the judgment.

¶ 36    On July 15, 2024, we dismissed the appeal due to lack of jurisdiction, as the issue of attorney fees was still pending. *Dillon v. Christie Clinic, LLC*, 2024 IL App (5th) 230270-U.

¶ 37    On October 11, 2024, the circuit court vacated its order granting the attorney fees but maintained its judgment concerning the summary judgment motion. Subsequently, on November 12, 2024, plaintiff timely filed a *pro se* notice of appeal.

¶ 38                                    II. ANALYSIS

¶ 39    On appeal, plaintiff contends that the circuit court erred by granting summary judgment and in proceeding on the summary judgment motion before the completion of discovery. In response, defendants maintain that summary judgment was appropriate because plaintiff did not comply with Rule 191 concerning the required affidavit. For the reasons that follow, we affirm.

¶ 40    "The purpose of summary judgment is not to try a question of a fact, but simply to determine whether a genuine issue of triable fact exists." *Sameer v. Butt*, 343 Ill. App. 3d 78, 85 (2003). To determine whether a genuine issue of material fact exists, "a court must construe the pleadings, depositions, admissions and affidavits strictly against the movant and liberally in favor of the opponent." *Id.* We review *de novo* a trial court's decision on a motion for summary judgment. *Id.* at 84. "*De novo* consideration means we perform the same analysis that a trial judge would perform." *Flores v. Westmont Engineering Co.*, 2021 IL App (1st) 190379, ¶ 23.

¶ 41    Motions for summary judgment can be filed with or without supporting affidavits. 735 ILCS 5/2-1005(b) (West 2022). If a supporting affidavit is utilized, the opposite party "may prior to or at the time of the hearing on the motion file counteraffidavits." *Id.* § 2-1005(c). The affidavits must be in compliance as "provided by rule." *Id.* § 2-1005(e). Here, defendants attached an

affidavit to their summary judgment motion, and in response, plaintiff attached the affidavit of Wolpov and the letters authored by Johnson to his response. In its oral recitation after arguments regarding the motion for summary judgment, the circuit court indicated that plaintiff's affidavits were not in compliance with Rule 191 and that they did not correctly address the requisite standard of care, thus leading to the granting of defendants' motion for summary judgment. We will first address the affidavits in relation to the requirements set forth by Rule 191.

¶ 42    "Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) provides that affidavits submitted in support of a motion for summary judgment shall (1) be made on the personal knowledge of the affiant, (2) set forth with particularity the facts upon which the claim is based, (3) have attached thereto certified copies of documents on which the affiant relies, (4) consist of admissible facts rather than conclusions, and (5) affirm the affiant's competence to testify to the contents of the affidavit." *Suntrus Mortgage, Inc. v. Ulrich*, 2021 IL App (2d) 200294, ¶ 17. Defendants attached the affidavit of Trulock to their motion for summary judgment, and plaintiff utilized documents authored by Wolpov and Johnson for his response. We address each individually.

¶ 43    Trulock's affidavit appended to defendants' motion complied with Rule 191. The opening line of the affidavit stated, "sworn under oath, deposes and states." She attested that the contents of the affidavit were based upon her personal knowledge and that she could testify to the matters contained therein. She discussed her licensure and her employment history, thus establishing her competence. She indicated that she had received education and training to provide mechanical traction therapy and had treated over 1,000 patients with this method. She stated that she was familiar with the standard of care for a physical therapist in Illinois, that she acted as a "reasonably careful physical therapist in my treatment of" plaintiff, and that she complied with the standard of care in all respects.

13

¶ 44 In response, plaintiff attached documents to his second reply to defendants' summary judgment motion. One was that of Wolpov, who discussed at length her understanding of the facts, what her review of the records revealed, and the injuries plaintiff claimed to have suffered. She listed the documents that she reviewed, which included plaintiff's complaint, a certified statement of plaintiff, a summary statement of plaintiff, outpatient physical therapy records from Christie Clinic, physical and occupational therapy records from Carle Therapy Services, medical records from Carle Physician Group, as well as medical records of Dr. James Harms, Dr. Victoria Johnson, and Dr. Kevin Teal, along with a work restrictions letter. She detailed her findings, referring to the various documents she had reviewed in support of her claims. She concluded that defendants breached the "applicable standard of care," listed in what manner they did so, and stated that if called as a witness to testify, she was competent to do so.

¶ 45 While Wolpov's affidavit was comprehensive, it failed to strictly comply with Rule 191 in that none of the documents with which Wolpov reviewed were attached. "Our supreme court held that Rule 191(a)'s requirement of attaching papers on which the affiant relies is 'not a mere technical requirement' but 'inextricably linked to the provisions requiring specific factual support in the affidavit itself.' " *First American Bank v. Poplar Creek, LLC*, 2020 IL App (1st) 192450, ¶ 29 (quoting *Robidoux v. Oliphant*, 201 Ill. 2d 324, 344 (2002)). "The requirement that documents be attached is not a mere 'technicality' and, if not adhered to, is fatal." *Selby v. O'Dea*, 2020 IL App (1st) 181951, ¶ 136. Wolpov reviewed at least 10 different sets of records in the preparation of her affidavit, and Rule 191 dictates that these documents be attached to her affidavit. They were not, which left the circuit court with an affidavit that lacked supporting material.

¶ 46 Although plaintiff endeavored to rectify this deficiency by submitting a motion for leave to file a third response to the motion for summary judgment, purportedly including all material

14

relied upon by Wolpov, the circuit court denied plaintiff's request. Plaintiff did not appeal this ruling, and issues not raised on appeal are considered waived. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Moreover, plaintiff's brief fails to address the court's determination that Wolpov's affidavit violated Rule 191, rendering the affidavit deficient in the required certified materials. "Because affidavits serve as a substitute for testimony at trial, 'it is necessary that there be strict compliance with Rule 191(a).' " *Selby*, 2020 IL App (1st) 181951, ¶ 135 (quoting *Robidoux*, 201 Ill. 2d at 335-36). Consequently, the court's determination that Wolpov's affidavit violated Rule 191 was not erroneous. It was, therefore, rightly excluded from consideration in support of plaintiff's opposition to the summary judgment motion.

¶ 47    In addition to Wolpov's affidavit, plaintiff attached two letters from Johnson in support of his opposition to the motion for summary judgment. A thorough review of Johnson's letters similarly demonstrates noncompliance with Rule 191. First, the two letters did not include copies of any documents, such as medical reports or examinations, upon which Johnson based her opinion. More specifically, she stated that she treated plaintiff since May 2020 for back pain, yet she failed to include any of her reports. Second, her letters consisted solely of conclusions and lacked supporting facts. She stated that plaintiff had been treated for an injury that occurred on October 18, 2018, and that plaintiff had been unable to return to work because of the injury. Johnson noted that plaintiff cannot lift weights of more than 20 pounds and then concluded, "I believe that his inability to return to these jobs is a direct result of the back injury in PT as above." No supporting facts were provided to substantiate these conclusory statements. "Affidavits submitted in opposition to motions for summary judgment must consist of facts admissible in evidence as opposed to conclusions, and conclusory matters may not be considered in opposition to motions for summary judgment." *Northrop v. Lopatka*, 242 Ill. App. 3d 1, 8 (1993). Similar to

15

Wolpov's affidavit, Johnson's affidavits did not comply with Rule 191. Accordingly, the circuit court did not err by not considering these documents in support of plaintiff's opposition to the motion for summary judgment.

¶ 48    "[I]f the movant's supporting affidavits show that he is entitled to a favorable ruling on his motion for summary judgment, it becomes incumbent upon the respondent to allege 'evidentiary facts through affidavits or such' which could constitute a meritorious defense in order to raise a triable issue of fact and thus avoid an adverse ruling on the motion." *Ohio Oil Co. v. Yacktman*, 36 Ill. App. 3d 255, 261 (1976) (quoting *Carruthers v. B. C. Christopher & Co.*, 57 Ill. 2d 376, 380 (1974)). However, none of the affidavits attached to plaintiff's reply complied with Rule 191, effectively resulting in the absence of supporting affidavits in opposition to the summary judgment motion. The consequence is that defendants' affidavit supporting their motion remained uncontested. "When not contradicted by a counteraffidavit, facts contained in an affidavit provided in support of a motion for summary judgment are taken as true for the purpose of the motion." *Suntrus Mortgage, Inc. v. Ulrich*, 2021 IL App (2d) 200294, ¶ 16. "Failure to oppose a summary judgment motion supported by affidavits or stipulations by filing counteraffidavits in response is fatal." *Fitzpatrick v. Human Rights Comm'n*, 267 Ill. App. 3d 386, 391 (1994). Therefore, with the absence of any affidavits to support plaintiff's opposition to the motion, the circuit court properly granted the summary judgment motion.

¶ 49    We briefly address plaintiff's argument that he should have been granted additional time to conduct discovery before responding to the motion for summary judgment. This argument is not well-founded. First, plaintiff was given multiple extensions to disclose his experts. His original deadline for disclosure was December 1, 2021, and was extended to August 1, 2022, and subsequently to December 30, 2022. Plaintiff filed his complaint in November 2020 and thus had

16

over two years to secure and disclose his expert witnesses and conduct discovery. Second, the affidavits attached by plaintiff to his second reply were dated months and even years before the filing of the reply. His second reply was filed on December 30, 2022. Wolpov's attached affidavit was dated January 20, 2021, and Johnson's letters were dated October 3, 2021, and December 14, 2022. In other words, he possessed some of these documents well before including them in his response to the summary judgment motion. Third, if plaintiff genuinely sought additional time to conduct discovery, he should have filed an affidavit under Rule 191(b), which delineates the procedure for asserting that insufficient time was granted for discovery.

¶ 50    "The '[f]ailure to comply with Rule 191(b) defeats an objection on appeal that insufficient time for discovery was allowed.' " *Emerson Electric Co. v. Aetna Casualty & Surety Co.*, 281 Ill. App. 3d 1080, 1089 (1996) (quoting *Giannoble v. P&M Heating & Air Conditioning, Inc.*, 233 Ill. App. 3d 1051, 1064 (1992)). On appeal, plaintiff argues that he was not required to file such an affidavit because defendants' motion for summary judgment was prematurely filed, relying on *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682 (2000). However, *Williams* differs factually from the present case. In *Williams*, the defendant filed the motion for summary judgment prematurely, the plaintiff had to request multiple continuances due to the defendant's failure to produce witnesses for depositions, and the plaintiff did not violate any discovery deadlines. In contrast, here, the motion for summary judgment was filed after the expiration of the second extension granted to plaintiff for disclosing expert witnesses, and almost 21 months after plaintiff filed the case. There is no evidence to suggest that defendants violated discovery deadlines; in fact, it was plaintiff who violated the discovery deadlines, which led defendants to file a motion to compel. Plaintiff's reliance on *Williams* for his proposition that he did not have to comply with Rule 191(b) regarding requesting additional time to secure affidavits is misplaced. Plaintiff had

17

that avenue available to seek extra time but chose not to. Therefore, we cannot find that the circuit court's denial of plaintiff's request for additional time for discovery was an abuse of discretion.

¶ 51    As previously indicated, one of the reasons provided by the circuit court for granting defendants' motion for summary judgment was that plaintiff's affidavits did not strictly comply with Rule 191. The effective exclusion of plaintiff's affidavits rendered defendants' motion for summary judgment uncontested, thereby supporting the court's decision to issue summary judgment. Consequently, we need not address the court's additional rationale that plaintiff's experts did not sufficiently assert the requisite standard of care.

¶ 52                              III. CONCLUSION

¶ 53    Based on the foregoing, we affirm the Champaign County circuit court's grant of summary judgment in favor of defendants.


¶ 54    Affirmed.